IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRUNI GLASS PACKAGING, INC.,

    Plaintiff,

  v.

COPAIN WINE CELLARS, LLC.,

    Defendant.

———————————————————————

COPAIN WINE CELLARS, LLC.,

    Counter Claimant,

  v.

BRUNI GLASS PACKAGING, INC. and BRUNI GLASS S.P.A.

    Counter Defendants.
_____/

No. C 09-02398 CW

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

    On May 29, 2009, Plaintiff Bruni Glass Packaging, Inc. filed the initial complaint in this action.  On July 6, 2009, Defendant Copain Wine Cellars filed a counterclaim against Bruni Glass Packaging and Bruni Glass S.p.A.[1]  Bruni Glass S.p.A. moves to dismiss the claims against it for lack of personal jurisdiction.

---

[1] S.p.A. is an Italian acronym for Società Per Azioni, which is a type of an Italian corporate body.

Copain opposes the motion. The motion was taken under submission on the papers. Having considered the papers filed by the parties, the Court denies Bruni Glass S.p.A.'s motion.

## BACKGROUND

This action arises out of the design and manufacture of custom wine bottles. In 2007, Bruni Glass Packaging approached Copain and suggested that it could supply Copain with glass wine bottles manufactured by its parent company, Bruni Glass S.p.A. Bruni Glass Packaging is a Florida corporation with offices in Florida, California and Canada; and Bruni Glass S.p.A. is an Italian corporation with its principal place of business in Navigio, Italy. Copain provided Bruni Glass Packaging with a drawing as an example of the type of bottle Copain wanted. Bruni Glass S.p.A. created a drawing and manufactured a prototype bottle that met Copain's expectations with respect to visual appearance, color and size. First Amended Counter Complaint (FACC) ¶ 5. On July 17, 2007, Copain ordered 110,000 custom wine bottles from Bruni Glass Packaging.

The bottles were scheduled to be delivered in two shipments. After the first shipment was delivered in January, 2009, Copain performed a bottling run, in which it filled the bottles with wine and capped them with corks. After the run, Copain noticed that wine was seeping through the cork of every bottle. FACC ¶ 7. Copain notified Bruni Glass Packaging of the problem and rejected the remaining bottles to be delivered. Copain believes that there is no commercially available cork that will function with the bottles, and therefore, the bottles cannot be used in the wine manufacturing process. Copain decanted the affected wine and

rebottled it. Bruni Glass Packaging claims that there are no defects in their bottles and that they should be paid for all bottles manufactured under the contract.

## LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. The plaintiff then bears the burden of demonstrating that the Court has jurisdiction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Uncontroverted allegations in the complaint must be taken as true. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). However, the court may not assume the truth of such allegations if they are contradicted by affidavit. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1284 (9th Cir. 1977). If the plaintiff also submits admissible evidence, conflicts in the evidence must be resolved in the plaintiff's favor. AT&T, 94 F.3d at 588.

There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990); Data Disc, Inc, 557 F.2d at 1286. California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under state law and federal due process standards merge into one analysis. Rano v. Sipa Press, Inc., 987 F.2d 580, 587 (9th Cir. 1993).

3

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause unless the defendant has "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

## DISCUSSION

Copain asserts that the Court has specific jurisdiction over Bruni S.p.A. because it purposefully directs its actions to California. To provide the Court with specific jurisdiction,

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; . . . (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements, Limited, 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1485 (9th Cir. 1993)). For a defendant's conduct to demonstrate purposeful direction, the defendant must "allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Schwarzenegger, 374 F.3d at 803 (quoting Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)).

Copain argues that Bruni Glass S.p.A. has purposefully directed its activities to California because it "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State," i.e. California. Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286,

4

297-98 (1980).  Copain alleges that Bruni Glass S.p.A. "provided Copain with a specification drawing and sample bottles, which we [Copain] understood it had designed based on information we [Copain] provided to Bruni S.p.A." McQuown Decl., ¶ 4.[2]  Bruni Glass S.p.A. disagrees and claims that the drawing and prototype were created at the request of Bruni Glass Packaging, not Copain. Del Bon Decl., ¶ 5.  Bruni Glass S.p.A. also claims that, at "Bruni Glass Packaging's request, . . . [it] agreed to arrange for, and arranged for, the manufacture of the glass bottles ordered by Copain in conformity with the drawing and prototype bottle which Copain had approved in writing." Id.  Bruni S.p.A. "then sold the glass bottles to Bruni Glass Packaging for re-sale to Copain." Id. The declarations of McQuown and Del Bon present direct conflicts of testimony, which, on a motion to dismiss for lack of personal jurisdiction, must be resolved in Copain's favor. See AT&T, 94 F.3d at 588.  Therefore, for purposes of this motion, the Court presumes that Bruni Glass S.p.A. designed and provided sample bottles to Copain.  Copain has also presented evidence that Bruni Glass S.p.A. knew that its products would be shipped to an ultimate buyer in California.  Thus, the Court concludes that Bruni Glass

---

[2] Bruni Glass S.p.A objects to this portion of McQuown's Declaration, arguing that it lacks foundation and is hearsay because McQuown "does not indicate that 'Copain' or 'we' includes him personally." Objections at 2.  The Court overrules this objection because, as the Chief Financial Officer of Copain, McQuown claims to have personal knowledge of the business dealings between his company and Bruni Glass S.p.A.  As to Bruni Glass S.p.A.'s remaining objections, to the extent that the Court relied upon evidence to which it objected, the objections are overruled. The Court did not rely on any inadmissible evidence in reaching its decision.  To the extent the Court did not rely on evidence to which Bruni Glass S.p.A. objected, the objections are overruled as moot.

5

1  S.p.A. has allegedly committed an intentional act expressly aimed
2  at California which caused harm that it knew was likely to be
3  suffered in California.  See Schwarzenegger, 374 F.3d at 803.
4      Copain's claims arise out of Bruni Glass S.p.A.'s activities
5  in California.  Here, Copain asserts products liability claims
6  against Bruni Glass S.p.A. because it allegedly designed defective
7  bottles and then sent the defective design and sample to Copain in
8  California.  Thus, "but for" Bruni Glass S.p.A.'s forum-related
9  contacts, Copain's claim would not have arisen.  Panavision Int'l
10 L.P. v. Toeppen, 131 F. 3d 1316, 1322 (9th Cir. 1988).
11     Once the plaintiff has satisfied the first two factors, the
12 defendant bears the burden of overcoming a presumption that
13 jurisdiction is reasonable by presenting a compelling case that
14 specific jurisdiction would be unreasonable.  Burger King Corp. v.
15 Rudzewicz, 471 U.S. 462, 477 (1985); Haisten v. Grass Valley
16 Medical Fund. Ltd., 784 F.2s 1392, 1397 (9th Cir. 1986).  Seven
17 factors are considered in assessing whether the exercise of
18 jurisdiction over a non-resident defendant is reasonable: (1) the
19 extent of the defendant's purposeful interjection into the forum
20 state's affairs, (2) the burden on the defendant of defending in
21 the forum, (3) conflicts of law between the forum state and the
22 defendant's home jurisdiction, (4) the forum state's interest in
23 adjudicating the dispute, (5) the most efficient juridical
24 resolution of the dispute, (6) the plaintiff's interest in
25 convenient and effective relief, and (7) the existence of an
26 alternative forum.  Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d
27 126, 128 (9th Cir. 1995).
28     Here, Bruni S.p.A. has not carried its burden.  In fact, Bruni

1  Glass S.p.A. does not even address any of the above-mentioned
2  elements directly.  Instead, it argues that the exercise of
3  jurisdiction would not be reasonable by merely restating its
4  arguments regarding its lack of California contacts.  It notes
5  that, as an Italian company, all of its officers and directors live
6  in Italy and it is "not qualified to do business in California."
7  Motion at 8.  It also states that it owns no property, has no bank
8  accounts, and has never even attended a trade show in California.
9  Although these facts might be persuasive in an argument opposing
10 general jurisdiction, they do not directly address the
11 reasonableness of the Court's exercise of jurisdiction.  The Court
12 recognizes that litigating the case from Italy will be a burden on
13 Bruni Glass S.p.A.; however, the inconvenience is not so great as
14 to deprive Bruni S.p.A. of due process.  Because of modern
15 technology such as fax machines, email and video phone, requiring
16 Bruni Glass S.p.A. to litigate in California is not
17 constitutionally unreasonable.  See Panavision, 141 F.3d at 1323;
18 Dole, 303 F.3d at 1115.  In sum, Bruni Glass S.p.A. fails to
19 present a compelling case that this Court's exercise of
20 jurisdiction in California would be unreasonable.  Because all of
21 the requirements for specific jurisdiction are satisfied, the Court
22 exercises personal jurisdiction over Bruni Glass S.p.A.
23 /
24 /
25 /
26 /
27 /
28 /

7

CONCLUSION[3]

For the foregoing reasons, the Court denies Bruni Glass S.p.A.'s motion to dismiss for lack of personal jurisdiction. Docket No. 25.

IT IS SO ORDERED.

Dated: 03/19/2010

CLAUDIA WILKEN
United States District Judge

---

[3]Because the Court concludes that Bruni Glass S.p.A.'s direct acts satisfy the requirements for personal jurisdiction, it need to address the arguments pertaining to agency and alter-ego.

8